UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

GREAT WEST CASUALTY CO.,

            Plaintiff,

      v.

MICHAEL MCGUIRE and DOREEN
MCGUIRE, husband and wife; WILLIAM COOK
and JANE DOE COOK, husband and wife, and
CANAL INSURANCE COMPANY, a foreign
insurer,

            Defendants.

CASE NO. C05-274C

ORDER

       This matter comes before the Court on Defendants' Motion to Dismiss (Dkt. No. 12). The Court

has considered the papers submitted by the parties and determined that oral argument is not necessary.

The Court hereby finds and rules as follows.

       The case pending before this Court is a declaratory judgment action to determine insurance

coverage for personal injuries sustained by Michael McGuire in an automobile accident that occurred on

January 28, 2002. Defendants William Cook and Canal Insurance Company move for an order dismissing

the present action in light of an allegedly related action currently pending in Snohomish County Superior

ORDER – 1

1    Court.[1]

2         The Declaratory Judgment Act confers on federal courts "unique and substantial discretion" in

3    deciding whether to declare the rights of litigants.  *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286-87

4    (1995); 28 U.S.C. 2201(a).  Declaratory relief is appropriate when a declaratory judgment will serve a

5    useful purpose in clarifying and settling the legal relations in issue, and when it will terminate and afford

6    relief from the controversy giving rise to the proceeding.  *Los Angeles County Bar Ass'n v. Eu*, 979 F.2d

7    697, 703 (9th Cir. 1992).  "If there are parallel state proceedings involving the same issues and parties

8    pending at the time the federal declaratory action is filed, there is a presumption that the entire suit should

9    be heard in state court."  *Gov't Employees Ins. Co. v. Dizol*, 133 F.3d 1220, 1225 (9th Cir. 1998).

10        In the case at bar, however, this presumption does not apply.  Although there is currently a state

11   court proceeding regarding McGuire's tort claims, that action does not involve the same issues or the

12   same parties as this federal action, which seeks only to decide issues arising under contract and insurance

13   coverage law.  Plaintiff accurately describes these two cases as "tangentially related" (Pl.'s Opp'n at 2),

14   as opposed to parallel.  There is no presumption that this matter should proceed in state court.

15        Yet, the absence of a pending parallel state proceeding does not preclude a district court from

16   declining discretionary jurisdiction.  *Huth v. Hartford Ins. Co. of Midwest*, 298 F.3d 800, 802-803 (9th

17   Cir. 2002).  In determining whether to exercise its discretion the district court "must balance concerns of

18   judicial administration, comity, and fairness to the litigants."  *Chamberlain v. Allstate Ins. Co.*, 931 F.2d

19   1361, 1367 (9th Cir. 1991).  Indeed the Supreme Court has urged federal courts to avoid needless

20   determination of state law issues, to avoid duplicative litigation, and to discourage forum shopping.  *Id.*,

21   *citing Brillhart v. Excess Ins. Co.*, 316 U.S. 491, 494-498 (1942).

22        On the whole, the Court finds that these factors weigh in Defendants' favor.  This case requires

23   solely the application of state insurance law.  There is no federal interest at stake.  Plaintiff argues that

24

---

25        [1] Defendants Michael and Doreen McGuire have not joined in the Motion to Dismiss.

26   ORDER – 2

1   this action raises no novel questions relating to state insurance law, thus there would be no needless

2   determination of state law issues.  However, the state court's interest in the application of state insurance

3   laws is clearly greater than this Court's interest in such adjudication.  Additionally, there is at least some

4   factual overlap between the declaratory judgment action and the state tort action such that questions

5   relating to insurance coverage may indeed depend on factual issues to be determined in the state tort

6   action.  Considerations of comity thus suggest the Court should dismiss this suit.

7        Moreover, Plaintiff originally filed a virtually identical declaratory action in state court, which it

8   dismissed following Defendants' request for summary judgment.  Since Plaintiff provides no explanation

9   for its decision to dismiss the state court declaratory action in favor of filing a federal court declaratory

10  action, the Court can only speculate that Plaintiff is indeed forum shopping.  Considerations of judicial

11  economy and fairness to the litigants thus counsel this Court that it should not exercise its discretion over

12  Plaintiff's declaratory judgment action.

13       For the aforementioned reasons the Court hereby GRANTS Defendants' Motion to Dismiss as to

14  all defendants to this action.  This matter is DISMISSED without prejudice.

15

16       SO ORDERED this   28th   day of July, 2005.

17

18

19       UNITED STATES DISTRICT JUDGE

20

21

22

23

24

25

26  ORDER – 3